FARMERS WAREHOUSE COMPANY *et al.* v. MALONE *et al.*

ATKINSON, J.　J. H. Malone entered into a contract of sale of described land to J. O. Bloodworth, who went into possession under his contract of purchase. The Farmers Warehouse Company and the Merchants and Farmers Bank and J. O. Bloodworth severally held money demands which were claimed to constitute liens on or interests in the land and rent therefrom. J. H. Malone instituted an equitable action to enjoin the foreclosure of such liens, and to appoint a receiver to take charge of the land and collect the rents. While the action was pending Malone executed a deed to the land to his wife. After the receiver had collected certain sums, A. G. Bray proposed to buy the land. All the parties consented that the land be sold, and an agreement was entered into among them to the effect that J. H. Malone should sell the land to Bray for a stated consideration (consisting in part of described land and a non-negotiable promissory note for the balance), and that from the proceeds Malone and Bray should pay the other parties severally stated sums, which should be in full satisfaction of their claims, and that certain funds then in the hands of the receiver should be distributed to the receiver and the attorneys for fees. In pursuance of the agreement Malone executed his bond for title, and dismissed his action for injunction and receiver. Bray executed his deed and note. The other parties released their claims against the property, and dismissed their foreclosure proceeding; and the funds on hand were paid out to the receiver and attorneys. After all the parties had so acted, Malone and Bray rescinded their contract and surrendered to each other the bond and note and possession of the land, and refused to pay the amounts agreed to be paid to the Farmers Warehouse Company and Bloodworth. These two instituted an action against Mrs. Malone, J. H. Malone, and A. G. Bray, alleging in substance all that is stated above, and that the Malones were insolvent, and that the attempt of J. H. Malone and A. G. Bray to rescind the contract and retransfer the note and bond and possession of the land was made for the purpose of defrauding plaintiffs. Among other things it was prayed: (a) That Mrs. Malone be enjoined from selling, mortgaging, or otherwise encum-

bering the property. (*b*) That the action for injunction and receiver be reinstated, and the receiver be ordered to take charge of the property, and Mrs. Malone be made a party thereto. (*c*) That plaintiffs have judgment against J. H. Malone and A. G. Bray for the amount of their respective claims against the property. The defendants demurred on several grounds, including misjoinder of parties plaintiff and defendant, and that no cause of action was set forth. The exception is to a judgment sustaining a demurrer and dismissing the action. *Held:*

1. The allegations of the petition were insufficient to charge fraud or other grounds for reinstating the former case.
2. If the petition be held sufficient to withstand the general demurrer as to claims of Bloodworth and Farmers Warehouse Company, it was subject to the demurrer which complained that there was a misjoinder of parties plaintiff and defendant.
3. If the amendment had been allowed, it would not have cured the defects above mentioned, and the rejection of the amendment will not require a reversal. *Judgment affirmed. All the Justices concur.*

MAY 18, 1916.

Equitable petition. Before Judge Park. Baldwin superior court. February 8, 1915.

*Hines & Vinson* and *D. S. Sanford,* for plaintiffs.

*Sibley & Sibley,* for defendants.